1  **HOGAN LOVELLS US LLP**
   Alyssa Saviss (California Bar No. 318387)
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California  90067
3  Telephone:   (310) 785-4600
   Facsimile:    (310) 785-4601
4  alyssa.saviss@hoganlovells.com

5  **HOGAN LOVELLS US LLP**
   Marty Steinberg (Florida Bar No. 187293)
6  Rafael R. Ribeiro (Florida Bar No. 896241)
   Richard C. Lorenzo (Florida Bar No. 71412)
7  600 Brickell Avenue, Suite 2700
   Miami, Florida 33131
8  Tel:    (305) 459-6500
   Fax:    (305) 459-6550
9  marty.steinberg@hoganlovells.com
   rafael.ribeiro@hoganlovells.com
10 richard.lorenzo@hoganlovells.com

11 *Counsel for Applicants*
   MULTIFLORA INTERNATIONAL LTD.,
12 AGRÍCOLA INDUSTRIAL ENTRE RIOS, S.A., and
   AGRÍCOLA ESPERANZA JACOBI, S.A.
13

14            UNITED STATES DISTRICT COURT

15   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17 In Re: Application of MULTIFLORA            **VERIFIED EX PARTE APPLICATION**
   INTERNATIONAL LTD., AGRÍCOLA               **PURSUANT TO 28 U.S.C. § 1782 FOR**
18 INDUSTRIAL ENTRE RIOS, S.A., and           **ORDER TO TAKE DISCOVERY IN AID**
                                              **OF FOREIGN PROCEEDINGS AND**
19 AGRÍCOLA ESPERANZA JACOBI, S.A.,           **SUPPORTING MEMORANDUM OF LAW**

20        Applicants,

21 Pursuant to 28 U.S.C. § 1782 for Judicial
   Assistance in Obtaining Evidence for Use
22 in Foreign Proceedings

23

24

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

Pursuant 28 U.S.C. § 1782 ("Section 1782"), Applicants, Multiflora International Ltd. ("Multiflora"), Agrícola Industrial Entre Ríos, S.A. ("Entre Ríos"), and Agrícola Esperanza Jacobi, S.A. ("Esperanza Jacobi"), apply for an order authorizing Applicants' counsel to issue the subpoena *duces tecum* ("Subpoena"), attached hereto as **Ex. A**, requiring Caban Systems, Inc. ("Caban Systems" or the "Subpoena Recipient"), a California corporation found in this District, to produce documentary and testimonial evidence for Applicants' use in ongoing civil and criminal legal proceedings that are pending in Guatemala (the "Guatemalan Proceedings").

The Guatemalan Proceedings relate to, *inter alia*, Christian Rasch's ("Christian") misappropriation of funds and other assets belonging to Applicants and others. Specifically, Christian and his two brothers—Olaf and Allan Rasch—are equal shareholders of Multiflora, a company established and governed by the laws of the British Virgin Islands. Multiflora, in turn, is the majority owner of Esperanza Jacobi, a company established and governed by the laws of Guatemala. Finally, Christian, Olaf and Allan, *inter alia*, are indirect owners of Entre Ríos. Multiflora, Esperanza Jacobi and Entre Rios, form part of a Guatemalan corporate group (referred to herein as the "Multiflora Companies"). In breach of his obligations, Christian, as the manager of the Multiflora Companies, has been using the Multiflora Companies' funds for personal use and expenses and selling (and/or appropriating) Applicants' assets without the authorization and knowledge of Applicants, Olaf, and Allan.

The evidence sought through this Application is relevant and material to the Guatemalan Proceedings brought by Applicants against Christian and others. Applicants' request for discovery seeks important information held by Caban Systems, an entity over which the courts in Guatemala do not have jurisdiction. Because Applicants' request for discovery satisfies all of the requirements of Section 1782, this Application should be granted.

- 2.-

HOGAN LOVELLS US'
LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

## JURISDICTION AND VENUE

1.    This Court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Caban Systems is a resident of, or otherwise are found in, this District and/or because a substantial part of the events giving rise to Applicants' request for discovery occurred in this District.

## PARTIES

3.    Applicant, Multiflora, is a British Virgin Islands company and, as detailed below, is a plaintiff/claimant in the Guatemalan Proceedings.

4.    Applicants, Entre Ríos and Esperanza Jacobi, are Guatemalan companies and, as detailed below, are plaintiffs/claimants in the Guatemalan Proceedings.

5.    Caban Systems is a California for-profit corporation, found in this District, with its principal address located at 858 Stanton Road, Burlingame, California 94010.  According to its website, Caban Systems' business is "designing and manufacturing energy storage systems for mobile and stationary applications, including powering automotive vehicles and uninterruptible critical infrastructure."

6.    Alexandra Rasch—Christian's daughter—is listed as Caban Systems' Chief Executive Officer and Secretary.  *See* **Ex. B.**  As detailed below, there is undisputed evidence that Christian caused Multiflora, without authorization from its other shareholders, to make wire transfers of funds to Caban Systems' bank account.

## STATEMENT OF FACTS

7.    The Multiflora Companies operate in the agriculture and agroindustry sectors, and focus on the production and export of agricultural products and the importation and selling of agricultural and agro-industrial machinery.

- 3 -.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\MI - 767144/000001 - 708163 v6

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

8.      For many years, Christian, as the oldest brother, managed the Multiflora Companies, having complete control over these entities' legal representatives and directors, who obeyed and sent information solely to him.

9.      Recently, however, Olaf and Allan, as holders of 66% of the shares in Multiflora and as indirect owners of certain of the Applicants, began requesting financial information relating to the Multiflora Companies and requesting that Christian render an accounting of his administration of these entities, to which he refused.

10.     A subsequent audit undertaken by, or on behalf of, Olaf and Allan revealed that Christian, in October 2019, caused the legal representatives of Esperanza Jacobi to sell its only asset—a valuable piece of real estate—to a company solely controlled by Christian called QB Inversiones, S.A. ("*QB*" is a reference to "*Quinta Bella*," which is the name of one of Christian's estates).  Not only was the price for the asset extremely undervalued, but QB Inversiones, S.A. never paid Esperanza Jacobi or otherwise provided it with anything of value in consideration for the transfer of this real estate parcel from Esperanza Jacobi to QB Inversiones, S.A.

11.     Additionally, in March 2020, Christian caused Entre Ríos's representatives to appoint a sole administrator who, in turn, sold nine of Entre Ríos's agricultural properties to a company controlled by Christian called J Dos, S.A.  As was the case with the sham transfer of Esperanza Jacobi's real estate property, the Entre Ríos properties were undervalued and there is no evidence of payment to Entre Ríos in consideration for the transfer of these nine properties.

12.     Approximately one month later, in April 2020, Christian entered the Rasch family office and, without authorization, misappropriated information, documents, account books, corporate books, and other data relating to the Multiflora Companies, including Applicants.  There is video security footage evidencing his illegal actions.

- 4 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

13.     Upon discovering evidence of Christian's misconduct, Olaf and Allan caused the removal of Appellants' legal representatives and directors but the former legal representatives, administrators, and directors—who are loyal to Christian—refused to provide Applicants' new administrators, Olaf, or Allan with information regarding Christian's actions.

14.     Based on their findings, Olaf and Allan caused the Applicants to initiate the Guatemalan Proceedings as detailed below:

a.  June 23, 2020 Private Criminal Complaint filed by Applicant, Entre Ríos, and Multiflora against former Entre Ríos administrators for misappropriation, moral turpitude, fraud, and criminal conspiracy;

b.  July 10, 2020 Private Criminal Complaint filed by Applicant, Esperanza Jacobi, and Multiflora against Christian, certain of his companies, and former Esperanza Jacobi administrators for moral turpitude, use of falsified documents, and fraud; and

c.  August 4, 2020 Amended Private Criminal Complaint filed by Applicant, Entre Ríos, against Christian, his entity J Dos, S.A., and former Entre Ríos administrators for moral turpitude, fraud, improper use of falsified documents, and criminal conspiracy.

15.     Upon information and belief, and with the full knowledge and cooperation of Caban Systems' principal—who is his daughter—Christian has caused the illicit proceeds derived from his illegal activities to be funneled to Caban Systems.

16.     For example, as evidenced by the below screen shot, Applicants have obtained proof that Christian improperly and without authorization caused at least $350,000 to be transferred from Multiflora's Morgan Stanley account to Caban Systems.   There is no legitimate reason for Multiflora to have made such transfers to Caban Systems.

| Transaction Date | Activity | Description | Amount($) |
|---|---|---|---|
| 05/24/2019 | Funds Received | WIRED FUNDS RECEIVED SILICON VALLEY BANK CABAN SYSTEMS, INC. | 101,750.00 |
| 02/27/2019 | Funds Transferred | WIRED FUNDS SENT BENE: CABAN SYSTEMS INC ACCT: XXXXXXXX3418 | -100,000.00 |
| 04/10/2018 | Funds Transferred | WIRED FUNDS SENT BENE: CABAN SYSTEMS INC ACCT: XXXXXXXX3418 | -250,000.00 |

- 5 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\MI - 767144/000001 - 708163 v6

## LEGAL ARGUMENT

Section 1782 allows a party, or any "interested person," to a legal proceeding outside the United States to apply to a U.S. federal district court to obtain evidence for use in the foreign proceeding. *See* 28 U.S.C. § 1782. A federal district court is authorized to grant a Section 1782 application if the following three statutory requirements are satisfied:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the testimony of a person or the production of documents; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. 28 U.S.C. § 1782(a).

*See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004). The court's discretion in deciding whether to grant the petition should be guided by the "twin aims" of the statute for "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *See In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *1 (N.D. Cal. Sept. 15, 2010) (citations omitted).

A.   **Section 1782's Statutory Requirements Are Met**

1.   *Applicants are "Interested Persons" in the Guatemalan Proceedings*

Given that Applicants are litigants in the pending Guatemalan Proceedings, Applicants undoubtedly are "interested person[s]" for Section 1782 purposes. *See Intel Corp.*, 542 U.S. at 256 (noting that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke Section 1782").[1]

---

[1] Even so, the Supreme Court held that §1782 "plainly reaches beyond the universe of persons designated 'litigant.'" *See Intel Corp*, 542 U.S. at 256.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.      The Requested Discovery Will Be Used in the Guatemalan Proceedings**

Section 1782 discovery is available "for use in a proceeding in a foreign or international tribunal," a category that includes foreign civil and criminal proceedings.   28 U.S.C. § 1782(a); *see also Super Vitaminas, S. A.* (N.D. Cal., Nov. 20, 2017, No. 17-MC-80125-SVK) 2017 WL 5571037, at \*2 ("Section 1782 is intended to provide assistance whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature") (citation and quotation marks omitted).   "Courts in the Ninth Circuit have observed that the 'for use' requirement focuses on the practical ability of an applicant to place a beneficial document ... before a foreign tribunal."   *Qualcomm Inc.*, No. 18-MC-80134-NC, 2018 WL 6660068, at \*2 (N.D. Cal. Dec. 19, 2018) (citations and quotation marks omitted).

Applicants request the discovery at issue so they can supplement the evidentiary record underlying the claims being prosecuted in the Guatemalan Proceedings.   The evidence sought from the Subpoena Recipient is relevant and material to the claims in the Guatemalan Proceedings.   There is thus no doubt that the requested discovery is "for use" in foreign proceedings.   *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216, 1218 (9th Cir. 1976) (holding that documents sought under section 1782 application were "for use in a foreign tribunal" because the requested documents "were issued in aid of the ongoing investigation of alleged violations of Japanese income tax laws and other laws by" indicted and unindicted individuals).

Applicants also have satisfied the "pending proceeding" requirement under Section 1782. Applicants already have initiated the Guatemalan Proceedings. Section 1782 discovery, however, is available even where the legal proceeding is not yet pending or even imminent. *See Intel Corp.*, 542 U.S. at 259 (rejecting the view that Section 1782 only comes into play when adjudicative proceedings are pending or imminent).   Rather, Section 1782 requires only that

- 7 -

foreign proceedings be "within reasonable contemplation." *See id.*; *see also Palantir Technologies, Inc. v. Abramowitz*, 415 F.Supp.3d 907, 911 (N.D. Cal. 2019), *appeal dismissed sub nom. In re Palantir Technologies, Inc.*, 2020 WL 3988000 (9th Cir. June 22, 2020, No. 20-15073) (granting 1782 application stating "all that is necessary is that a dispositive ruling by the foreign adjudicative body is within reasonable contemplation") (citation and quotation marks omitted).

As outlined above, on June 23, 2020, Applicants Entre Ríos and Multiflora filed a Private Criminal Complaint against former Entre Ríos administrators for misappropriation, moral turpitude, fraud, and criminal conspiracy; on July 10, 2020, Applicants Esperanza Jacobi and Multiflora filed a Private Criminal Complaint against, *inter alia*, Christian and his companies for moral turpitude, use of falsified documents, and fraud; and on August 4, 2020, Applicant Entre Ríos filed an Amended Private Criminal Complaint against, *inter alia*, Christian and one of his corporate entities for moral turpitude, fraud, improper use of falsified documents, and criminal conspiracy. Thus, there is no question that the Guatemalan Proceedings are in the "pending" stages. Accordingly, the requested information is "for use" in pending foreign proceedings.

### 3.    *Caban Systems Resides or Is Found in This District*

The final statutory requirement is that the person or entity from whom discovery is sought must reside or be found in the Northern District of California. Under Section 1782, a corporation may be found, *inter alia*, in the state where it is incorporated or conducts systematic and continuous local activities. *See, e.g., In re Wallis*, No. 18-MC-80147-DMR, 2018 WL 5304849, at *3 (N.D. Cal. Oct. 24, 2018) (Under section 1782, "a company may be found in its place of incorporation, its headquarters, or where it undertakes systematic and continuous local activities.") (citation and quotation marks omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 137

- 8 -

1  (2014) ("With respect to a corporation, the place of incorporation and principal place of business

2  are paradigm bases for general jurisdiction.") (citation and internal quotation marks omitted).

3      Here, Caban Systems, the Subpoena Recipient, resides, or is found, in this District.  Caban

4
5  Systems is incorporated in and conduct substantial business within California, and, as such, the

6  company is "found" in this District for purposes of Section 1782.  *In re Wallis*, 2018 WL at *3.

7  Thus, Caban Systems resides, or is otherwise are found, in this District.

8      **A.      A Balancing of the Section 1782 Discretionary Factors Weighs in Favor of
            Granting the Application**
9
10      In addition to the above statutory requirements, courts have identified four discretionary

11  factors to consider in assessing a Section 1782 application: (1) whether the person from whom

12  discovery is sought is a participant in the proceeding; (2) the nature of the foreign tribunal, the

13  character of the proceedings underway abroad, and the receptivity of the foreign court to U.S.

14  federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt

15
16  to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

17  United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

18  *In re Tomabechi*, No. 19-MC-80197-JSC, 2019 WL 3891393, at *2 (N.D. Cal. Aug. 19, 2019)

19  These discretionary factors weigh heavily in favor of granting this Application.

20          *1.      The Discovery Sought Is Not Available to Applicants in Guatemala*

21      Generally, the need for Section 1782 aid is greater when the subject of the application is

22  "outside the foreign tribunal's jurisdictional reach," and as such, the first discretionary factor

23  considers whether the evidence is sought from a nonparticipant in the matter arising abroad.

24
25  *Intel*, 542 U.S. at 264.  This factor also requires a district court to consider that when being

26  outside of the foreign tribunal's jurisdictional reach means that "[the] evidence, available in the

27  United States, may be unobtainable absent § 1782(a) aid."  *In re Ex Parte Apple Inc.*, No. 2012

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

WL 1570043, at *2 (N.D. Cal. May 2, 2012).  The Guatemalan Proceedings discussed in this Application satisfy this discretionary factor.

Caban Systems is located in California and is beyond the jurisdiction of courts in Guatemala.  The Guatemalan courts thus lack the power to compel discovery from this entity.  Further, Caban Systems is a nonparticipant in the Guatemalan Proceedings. *See id.* (holding that the first discretionary factor is even more apparent "when the evidence is sought from a nonparticipant in the matter rising abroad") (citation omitted); *see also Goenechea v. Davidoff,* No. CCB-15-3384, 2016 WL 560689, at *3 (D. Md. Feb. 11, 2016) (finding that the first discretionary factor weighed in favor of discovery when the subject of discovery was a non-party outside the jurisdiction of the court).  Accordingly, the first *Intel* factor weighs in favor of granting this Application.

### 2.     *The Nature and Receptivity of the Foreign Tribunals*

The second discretionary factor—the nature and receptivity of the applicable foreign tribunals—also weighs in favor of granting the requested discovery.  Section 1782 may encourage judicial assistance even if the foreign proceeding has not commenced or advanced, as this section "does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *In re Application of Rainsy*, No. 16-MC-80258-DMR, 2017 WL 528476, at *2 (N.D. Cal. Feb. 9, 2017) (citing *Intel*, 542 U.S. at 258).

Here, Applicants assert that the courts in Guatemala will be receptive to considering relevant evidence that supports Applicants' claims in the Guatemalan Proceedings.  Indeed, at least two other courts have granted a Section 1782 application in aid of litigation in Guatemala. *See In re Ex Parte Application of Colegio Americano de Guatemala.*, No. 16-MC-80261-HRL, 2016 WL 7325033, at *2 (N.D. Cal. Dec. 16, 2016); *see also Super Vitaminas, S. A.*, No. 17-MC-80125-SVK, 2017 WL 5571037, at *3 (N.D. Cal. Nov. 20, 2017); (granting section 1782

- 10 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

\\MI - 767144/000001 - 708163 v6

application stating "there is no evidence suggesting that Guatemalan courts would be unreceptive" to discovery). Therefore, the second *Intel* factor weighs in favor of allowing Section 1782 discovery.

### 3. *The Application Does Not Circumvent Foreign Proof-Gathering Policies*

The third *Intel* factor also weighs in favor of granting this Application because Applicants do not seek to circumvent foreign proof-gathering restrictions and policies. *See Intel*, 542 U.S. at 265; *Super Vitaminas, S. A.*, 2017 WL 5571037, at *3 (granting section 1782 application when there were "no Guatemalan legal restrictions against seeking the discovery requested in the subpoenas") (citation omitted). In determining this factor, the court may consider whether an applicant seeks to circumvent foreign policies in "bad faith." S*ee In re Request for Subpoena by Ryanair Ltd.*, No. 5:14MC80270BLFPSG, 2014 WL 5088204, at *2 (N.D. Cal. Oct. 9, 2014). Importantly, an applicant is not required to exhaust foreign options before requesting that a district court grant discovery under Section 1782. *See In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness Eesi OÜ*, No. 17-MC-80044-MEJ, 2017 WL 1436096, at *3 (N.D. Cal. Apr. 24, 2017) ("Courts are not required to determine whether an applicant has exhausted its discovery attempts abroad.") (citation omitted); *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (granting § 1782 application and finding non-exhaustion of foreign options "irrelevant"). Even if more evidence will be obtainable via a section 1782 application than via the foreign discovery procedures, this "does not amount to circumvention and does not militate against approval of the application." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19, 2020) (citation omitted); *see also In re: Application of Joint Stock Co. Raiffeisenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) (granting section 1782 application and finding that it does not circumvent foreign law to seek

- 11 -

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

more discovery than foreign discovery procedures allow). Failure to seek documents using foreign methods does not indicate an attempt to circumvent foreign proof-gathering restrictions or other policies. *See de Leon v. Clorox Co.*, No. 19-MC-80296-DMR, 2020 WL 4584204, at *8 (N.D. Cal. Aug. 10, 2020) ("[T]here is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal").

In the instant case, Applicants' request for Section 1782 assistance is not an effort to circumvent the courts in Guatemala. To the contrary, Applicants are attempting to collect information that will aid the Guatemalan courts in making decisions regarding the pending Guatemalan Proceedings. In sum, Applicants are properly seeking additional information to provide to foreign courts through the only appropriate means available to it, and therefore are not circumventing any foreign proof-gathering restrictions or policies.

### 4.   *The Requested Discovery Will Not Be Intrusive or Burdensome*

As to the final discretionary factor that must be weighed by this Court, Applicants' proposed Subpoenas are not unduly intrusive or burdensome. "Typically, requests become unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad, fishing expedition for irrelevant information." *See In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *5 (N.D. Cal. Mar. 24, 2016); *see also In re IPCom GMBH & Co. KG*, No. 514MC80037EJDPSG, 2014 WL 12772090, at *3 (N.D. Cal. Apr. 10, 2014) (holding that "the discovery sought [was] not unduly intrusive or burdensome" because it sought relevant and narrowly-tailored evidence).

Instead, the scope of the discovery arising out of this Application is in accordance with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782(a). The protection against an unduly burdensome subpoena is provided by the Federal Rules of Civil Procedure. *de Leon v. Clorox Co.*, 2020 WL 4584204, at *8-9. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil

- 12 -

Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." *Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 608–09 (E.D. Cal. 2011); *see also Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[P]arties may obtain discovery regarding any matter that is (1) not privileged and (2) relevant to the subject matter involved in the pending action") (quotation marks omitted). The "unduly burdensome" analysis is subject to Rule 45 of the Federal Rules of Civil Procedure. *de Leon v. Clorox Co.*, 2020 WL 4584204, at *8.

First, as noted above, Applicants have evidence that Christian improperly and without authorization caused Multiflora to transfer at least $350,000 to Caban Systems.

| Transaction Date | Activity | Description | Amount($) |
|---|---|---|---|
| 05/24/2019 | Funds Received | WIRED FUNDS RECEIVED SILICON VALLEY BANK CABAN SYSTEMS, INC. | 101,750.00 |
| 02/27/2019 | Funds Transferred | WIRED FUNDS SENT BENE: CABAN SYSTEMS INC ACCT: XXXXXXXX3418 | -100,000.00 |
| 04/10/2018 | Funds Transferred | WIRED FUNDS SENT BENE: CABAN SYSTEMS INC ACCT: XXXXXXXX3418 | -250,000.00 |

Second, Applicants have narrowly tailored the Subpoena to request only information that is directly relevant and material to the claims that will be litigated in the Guatemalan Proceedings, including the improper transfers discussed above. The discovery sought by Applicants is not at all burdensome, but rather seeks a discrete set of documents corresponding to a specific set of events over a defined period of time. Other courts have found that similar discovery requests for use in foreign proceedings are neither unduly intrusive nor burdensome. *See, e.g., In re: ex parte Application of Digital Shape Techs., Inc.*, No. 16-MC-80150-JSC, 2016 WL 3913670, at *3 (N.D. Cal. July 20, 2016) (finding that the subpoena request is not unduly burdensome since the subpoena sought information within the relevant time frame and from the relevant individuals); *In re Consultants*, No. 16-MC-80118-JSC, 2016 WL 3124609, at *4 (N.D. Cal. June 3, 2016) (finding that the request is not unduly burdensome or intrusive as the proposed subpoena is limited to the topics relevant to the proceedings); *In re Levi Strauss & Co.*, No. 18-MC-80123-

JSC, 2018 WL 3872790, at *4 (N.D. Cal. Aug. 15, 2018) (finding that "the discovery sought does not appear to be unduly burdensome and appears to be appropriately tailored" because the information sought relates to the damages calculation and whether the information is still viewable online).   Accordingly, the fourth *Intel* factor favors granting Applicants' discovery request. *See In re Letter Rogatory - Request for Int'l Judicial Assistance,* No. 19-MC-80173-LB, 2019 WL 3065009, at *3 (N.D. Cal. July 12, 2019) (holding that the request was not unduly burdensome or intrusive because "the topics appear relevant to the foreign proceedings before the Argentine court").

## CONCLUSION

For all the above reasons, Applicants request that the Court enter an order authorizing the issuance of the Subpoena set forth in Exhibit A in order to obtain documentary and testimonial evidence from Caban Systems for use in the Guatemalan Proceedings.   A copy of the proposed order is attached for the Court's consideration.

Dated: November 2, 2020

HOGAN LOVELLS US LLP

By:_____
      Marty Steinberg
      Rafael R. Ribeiro
      Richard C. Lorenzo
      Alyssa Saviss
      *Counsel for Applicants*
      MULTIFLORA INTERNATIONAL LTD.,
      AGRÍCOLA INDUSTRIAL ENTRE
      RIOS, S.A., and AGRÍCOLA
      ESPERANZA JACOBI, S.A.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v6

**VERIFICATION**

I declare certify under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 26th, 2020

By: **Omar SherydanXicaráAjanel**

Title:    Legal    Representative    Agrícola
Industrial Entre Ríos, S. A. and Agrícola
Esperanza Jacobi, S. A

- 15 -

EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782

\\MI - 767144/000001 - 708163 v5

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| In re Ex Parte Application of Multiflora Int. Ltd. et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
| _____ | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Caban Systems, Inc.
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Hogan Lovells US LLP | Date and Time: |
|---|---|
| Rafael Ribeiro | |
| 600 Brickell Avenue, Suite 2700, Miami, Florida 33131 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                              OR

_____         _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Multiflora International Ltd. et al._____, who issues or requests this subpoena, are:
Alyssa Saviss, 1999 Ave. of the Stars St. 1400 Los Angeles CA 90067, 310-785-4600, alyssa.saviss@hoganlovells.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions apply to the requests listed below:

1.  "You," "Your" and/or "Caban Systems" means Caban Systems, Inc., including any owner, director, officer, shareholder, employee, agent, representative, accountant, or attorney for Caban Systems, Inc., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Caban Systems, Inc.

2.  "Cart Investments" means Cart Investments, Inc., including any owner, director, officer, shareholder, employee, agent, representative, accountant, or attorney for Cart Investments, Inc., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Cart Investments.

3.  "BoA" means Bank of America N.A., including any employee, agent, representative, accountant, or attorney for Bank of America N.A., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Bank of America N.A., including but not limited to BoA located at 800 Brickell Ave, Miami, Florida 33131.

4.  "Christian" means Christian Rasch, including any employee, agent, representative, family member, or attorney for Christian Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Christian Rasch.

5.  "Olaf" means Olaf Rasch, including any employee, agent, representative, or attorney for Olaf Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Olaf Rasch.

1

6.     "Allan" means Allan Rasch, including any employee, agent, representative, or attorney for Allan Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Allan Rasch.

7.     "Nadine" means Nadine Rasch, including any employee, agent, representative, or attorney for Nadine Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Nadine Rasch.

8.     "Alexandra" means Alexandra Rasch, including any employee, agent, representative, or attorney for Alexandra Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Alexandra Rasch.

9.     "Jacqueline" means Jacqueline Rasch, including any employee, agent, representative, or attorney for Jacqueline Rasch, and any other person or entity acting for or on behalf of, or under the authority and control of Jacqueline Rasch.

10.    "Mr. Feuerman" means Jonathan Feuerman, Esquire, of the law firm of Therrel Baisden, LLP, including any partner, employee, agent, representative, or attorney for Jonathan Feuerman, Esquire, of the law firm of Therrel Baisden, LLP, and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Jonathan Feuerman, Esquire, of the law firm of Therrel Baisden, LLP.

11.    "Multiflora" means Multiflora International Ltd., including any employee, agent, representative, accountant, or attorney for Multiflora International Ltd., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Multiflora International Ltd.

12.    "Entre Ríos" means Agrícola Industrial Entre Ríos, S.A., including any employee, agent, representative, accountant, or attorney for Agrícola Industrial Entre Ríos, S.A., and any

2

other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Agrícola Industrial Entre Ríos, S.A.

13.    "Esperanza Jacobi" means Agrícola Esperanza Jacobi, S.A., including any employee, agent, representative, accountant, or attorney for Agrícola Esperanza Jacobi, S.A., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Agrícola Esperanza Jacobi, S.A.

14.    "Jacobi International" means Jacobi International, Inc., including any employee, agent, representative, accountant, or attorney for Jacobi International, Inc., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Jacobi International, Inc.

15.    "QB Inversiones, S.A." means QB Inversiones, S.A., including any partner, employee, agent, representative, or attorney for QB Inversiones, S.A., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of QB Inversiones, S.A.

16.    "J Dos, S.A."  means J Dos, S.A., including any partner, employee, agent, representative, or attorney for J Dos, S.A., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of J Dos, S.A.

17.    "J Cinco, S.A." means J Cinco, S.A., including any partner, employee, agent, representative, or attorney for J Cinco, S.A., and any other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of J Cinco, S.A.

18.    "Morgan Stanley" means collectively Morgan Stanley Bank, N.A., including any employee, agent, representative, accountant, or attorney for Morgan Stanley Bank, N.A., and any

3

other person, entity, successor, predecessor, or affiliate acting for or on behalf of, or under the authority and control of Morgan Stanley Bank, N.A.

19.     "The Christian Rasch Group" means and includes any or all of the following individuals, as well as their representatives, agents, employees, and attorneys:

1. Christian;
2. Nadine;
3. Alexandra;
4. Jacqueline;
5. Mr. Feuerman;
6. Multiflora;
7. Entre Ríos;
8. Esperanza Jacobi;
9. Jacobi International;
10. Cart Investments;
11. Caban Systems;
12. QB Inversiones, S.A.;
13. J Dos, S.A.; or
14. J Cinco, S.A.

20.     "Accounts" means any account, including but not limited to personal, business, checking, money market, securities, credit, loans, safety deposit boxes, certificates of deposit, annuity, 401k, brokerage, or savings accounts related to the Christian Rasch Group, including but not limited to BoA account number xxxx xxxx 6158 or Morgan Stanley account number AAA—9489.

21.     "Real Estate Records" means all records related to the acquisition, purchase, sale or transfer of real property, including but not limited to sales contracts, appraisals, deeds, security deeds, applications for financing or mortgages, loan applications, financing or mortgages, closing

4

statements, leases, title documents, Title search and/or report, title insurance, property insurance, property taxes, communications with real estate agents, commissions, settlement statement, records of any deposit, closing costs, real estate brochures or marketing documents regarding the property, any sources of funds such as bank or brokerage accounts, lines of credit, loans, transfers or other sources of funding.

22.    The term "communication" shall mean any conversation, discussion, letter, memorandum, note, e-mail, voice mail, text, or other transfer of information, whether written, oral, electronic, or by any other means, and includes any document or other medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication, whether occurring at meetings or otherwise.

23.    The term "person" shall mean and refer to the plural as well as the singular of, and includes without limitation, any natural person, partnership, joint venture, association, union, trust, corporation, firm, legal or governmental entity, any division, department or other unit thereof, and any other firm or entity of whatsoever kind, nature or description.

24.    The term "document" as used herein shall mean every form of recording any form of communication (as defined above) or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, electronic transmission such as email text and other forms of electronic transmission, or by photographic means, magnetic impulse, tape, computer disk, and/or any other form of data storage, data compilation, or mechanical or electronic recording, and all other "documents" or "things" within the meaning of the Federal Rules of Civil Procedure.  Every draft or non-identical copy of a "document" is a separate "document" as that term is used herein.

25.    The term "document" (defined above) applies to all information within your possession, custody, or control, including without limitation any attorney, accountant, or other agent or representative for you, as defined above.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession, or custody of the document, or the right to secure the document or a copy of the document from any person or public or private entity having physical possession of the document.  Every draft, annotated version, or otherwise non-identical copy of a document is a separate document for the purposes of these requests.

26.    "Relating to," "referring to" or "regarding" a given subject matter shall be construed to include all documents or things embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter.

27.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside of its scope.

28.    The singular shall include the plural and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

29.    The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

\\MI - 767144/000001 - 709226 v2

30.     If a request calls for the production of a document as to which you claim any privilege or any other ground for withholding or otherwise failing to produce such document, please provide, at the time at which the other documents are produced, a log which sets forth, separately for each document not produced:  (1) the identity of the author thereof, the parties thereto, and any person who helped in the preparation of the document; (2) the title or other identifying data sufficient to describe the document for purposes of a subpoena duces tecum; (3) the date of the document, or if no date appears thereon, the approximate date; (4) the identity of each person to whom the document, or any copy thereof, was transmitted, shown, or disclosed, by any entity; (5) the identity and location of each person having or last having possession, care, custody, or control of the document, and of each of any copies thereof; (6) the purpose for which the document was prepared; (7) the non-privileged contents of the document, if any portion thereof is not subject to a claim of privilege; and (8) each and every fact or basis on which you claim such a privilege or ground for your refusal to produce, in such detail as would be required for the undersigned to test the claim of privilege on a motion to compel.

31.     In producing the documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file a photographic or electrostatic duplicate of all written or printed material on the original file folder.  In addition, the documents shall be produced in the same sequence as they are contained or found in the original file folder.  The integrity and internal sequence of the requested documents within each folder shall not be disturbed.  Under no circumstances shall documents from any file folder be commingled with documents from any other file folder.

32.     If any document, or any part of a document, called for in any request has been destroyed, discarded, lost, or otherwise disposed of, or placed beyond your possession, custody,

7

or control, or withheld, you are requested to provide a list setting forth each such document. Such list shall include identification of the author, recipient, date, and description of each document and an explanation of why the document is no longer in your possession, custody, or control.  With specific reference to destroyed, discarded or withheld documents, the list shall include whether the destruction of the listed document was inadvertent or intentional, and, if the destruction was intentional, whether the absence was part of a company or firm policy relating to the destruction of documents.

33.     Unless otherwise indicated, each individual request herein refers to documents which were prepared or created from 2015 until the date of these requests.

<u>**DOCUMENTS TO BE PRODUCED**</u>

1.     All documents and communications that demonstrate, evidence, or indicate the corporate structure and management of Caban Systems, including but not limited to:

    a.  The identity of its officers, directors, and employees;

    b.  The identity and nature of any persons or business entities that are parents, subsidiaries, or affiliates of Caban Systems.

2.     All documents and communications that demonstrate, evidence, or indicate the extent and nature of any ownership, financial, or other interests in Caban Systems by third persons or business entities, including but not limited to:

    a.  The identity of its current and past shareholders, as well as the identity of any other person who has, or has had, a financial or any other kind of interest in Caban Systems; and

    b.  Any transfers of ownership, control, or possession of any interest in Caban Systems by any third person or entity.

8

3.      All documents and communications that demonstrate, evidence, or indicate the extent and nature of the financial or other interest that the Christian Rasch Group has, or had, in Caban Systems, including but not limited to, any of the Christian Rasch Group's share capital and stock certificates in Caban Systems, whether owned individually or jointly with any third person.

4.      All documents and communications concerning the Christian Rasch Group's financial or other interest in Caban Systems.

5.      All documents and communications relating to the extent and nature of any assets received by the Christian Rasch Group, directly or indirectly, from Caban Systems, or vice versa, including but not limited to, any dividends, capital distributions, salary, or other payment.

6.      All financial, business, and property records of Caban Systems and all other papers, record books, and documents which tend to disclose the extent and nature of the financial interests, property, and assets of Caban Systems.

7.      All documents relating to the domestic or foreign bank accounts of Caban Systems, including all information relating to its savings accounts and checking accounts, whether owned independently or jointly with any third person.

8.      All documents and records relating to investments of any type by Caban Systems, both domestically and abroad.

9.      Copies of deeds to all real property that Caban Systems, owned either independently, or jointly with any third person, both domestically and abroad.

10.     All documents and communications reflecting, referring, or relating to the Real Estate Records of you and/or the Christian Rasch Group.

9

11.     Any and all records pertaining to accounts established and maintained by your institution for you and/or the Christian Rasch Group, or at another institution, as reflected by your records.

12.     Any and all loan applications, financial statements or similar documents related to, or submitted by or on behalf of you and/or the Christian Rasch Group.

13.     Any and all documents or communications related to loans received by any bank or third party.

14.     Any and all documents or communications related to the outstanding balance of any loan received by any bank or third party.

15.     Any and all records signed by you and/or the Christian Rasch Group.

16.     All financial, business, and property records reflecting, referring, or relating to you and/or the Christian Rasch Group.

17.     Any documents identifying any deposits to or withdrawals from the Accounts, which were transferred to or from you and/or the Christian Rasch Group or to or from any account in which you and/or the Christian Rasch Group has had an interest, or to which you and/or the Christian Rasch Group has been a signatory or otherwise at any time have had control of, or access to, the account or information pertaining to the account.

18.     Any and all letters, memoranda, communications, emails, texts, notes, correspondence, contracts, agreements, records of signature cards, bank statements, checks, cancelled checks, deposits slips, transfers, withdrawals, wire transfers, account statements, including generated records, financial records, reports, and handwritten notes and transactions including, without limitation, any and all resolutions relating to the Accounts for all transactions,

\\MI - 767144/000001 - 709226 v2

as well as the identities of any and all persons who were authorized to, or who did, communicate regarding the Accounts, or similar documents relating to the Accounts.

19.     Any and all records pertaining to the opening or establishment of the Accounts, including but not limited to internal bank documents, applications, resolutions, signature cards, financial statements, or similar documents submitted or considered for the purposes of opening the Accounts.

20.     Any and all correspondence, emails, or other communications, including but not limited to your internal correspondence, emails, or other communications relating to the Christian Rasch Group or to the Accounts, including any documents that relate to any Account activity or any inquiry or analysis into one or more of the Accounts or their activity.

21.     Any and all documents containing information concerning access to the Accounts at any time through any electronic means, including any and all information identifying the person or entity accessing the Accounts.

22.     Any request or communications concerning changing or termination of the Accounts.

23.     Any and all internal reports and reports to regulatory agencies, whether or not actually submitted to those agencies, regarding the Accounts.

24.     Any records related to any safety deposit box or the use thereof.

25.     Any records related to investments, instructions to invest, or any other aspect of investment of funds.

\\MI - 767144/000001 - 709226 v2

# EXHIBIT B



**California Secretary of State**
Electronic Filing



FILED
Secretary of State
State of California

## Corporation - Statement of Information

|  |  |
|---|---|
| Entity Name: | CABAN SYSTEMS, INC. |

|  |  |
|---|---|
| Entity (File) Number: | C4269794 |
| File Date: | 03/10/2020 |
| Entity Type: | Corporation |
| Jurisdiction: | DELAWARE |
| Document ID: | GD98289 |

**Detailed Filing Information**

1. Entity Name:

   CABAN SYSTEMS, INC.

2. Business Addresses:
   a. Street Address of Principal
      Office in California:

      858 Stanton Road
      Burlingame, California 94010
      United States of America

   b. Mailing Address:

      858 Stanton Road
      Burlingame, California 94010
      United States of America

   c. Street Address of Principal
      Executive Office:

      858 Stanton Road
      Burlingame, California 94010
      United States of America

3. Officers:
   a. Chief Executive Officer:

      Alexandra   Rasch
      858 Stanton Road
      Burlingame, California 94010
      United States of America

   b. Secretary:

      Alexandra  Rasch
      858 Stanton Road
      Burlingame, California 94010
      United States of America

Document ID: GD98289

**California Secretary of State**
Electronic Filing

Officers (cont'd):

   c.  Chief Financial Officer:

Leland  Price
858 Stanton Road
Burlingame, California 94010
United States of America

4.  Director:

Not Applicable

Number of Vacancies on the Board of
Directors:

Not Applicable

5.  Agent for Service of Process:

Alexandra  Rasch
858 Stanton Road
Burlingame, California 94010
United States of America

6.  Type of Business:

Manufacturer of Battery Systems for
Telecommunications

By signing this document, I certify that the information is true and correct and that I am authorized by
California law to sign.

Electronic Signature:   Leland Price

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GD98289